IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **GORDON L. GOUGLER, as Personal Representative of the Estate of Linda J. Gougler, Deceased,** | : : : : | |
| **Plaintiff,** | : : | |
| v. | : : | **CIVIL ACTION 03-0583-WS-M** |
| **SIRIUS PRODUCTS, INC., and WAL-MART STORES, INC.,** | : : : : | |
| **Defendant.** | : | |

## ORDER ON PRETRIAL CONFERENCE

This matter came before the undersigned Judge for a Pretrial Conference on May 2, 2005. Present at the conference were John W. Kelly, III and Charles H. Morris, III, counsel for Plaintiff, and Brian P. McCarthy and Michael D. Knight, counsel for Defendants. As a result of the conference, the Court hereby establishes the following deadlines and rules that shall govern all trial preparations and proceedings in this action. None of the deadlines or dates contained in this order may be or should be considered to be modified, except by explicit written order of the Court.

A.  **Trial and Jury Selection Dates; Status Conference**

   **1. Trial**. This action, which is expected to last a total of **5 days**, shall be tried on **August 8, 2005**, at **8:45 a.m.**, in Courtroom 1, in Selma, Alabama.

   **2. Jury Selection**. Jury selection will be conducted in this action on **August 8, 2005**, at **8:45 a.m.**, in Courtroom 1, in Selma, Alabama. A jury of 8 jurors will be selected.

   **3. Juror Questionnaires**. Juror lists, data, and questionnaires will be available in the jury administrator's office on the Thursday preceding jury selection and must be reviewed prior to jury selection so as not to delay the jury selection process.

B.  **Parties, Pleadings, Jurisdiction, and Venue**

    **1. Parties**.  The parties appear to be correctly named and served.

    **2. Pleadings**.  No further amendments to the pleadings were requested or permitted.

    **3. Jurisdiction**.  The parties agree that this Court has subject matter jurisdiction over this action.

    **4. Venue**.  The parties agree that venue is appropriate in this judicial district.

C.    <u>**Triable Issues of Law and Fact**</u>

    **1. The Parties' Joint Pretrial Order.**  This present order, which hereby incorporates by reference the parties' Joint Pretrial Order, henceforth shall constitute the final statement of the issues involved in this action, govern the conduct of the trial, and form the basis for any relief afforded by the Court.  Dispositive legal issues that are not contained in the parties' Joint Pretrial Order, or in any amendments to that document expressly permitted by order of the Court, will not be considered.

    **2. Trial Briefs.**  Trial briefs will not be necessary in this case.

D.    <u>**Pretrial Deadlines**</u>

    **1. Discovery.**  All discovery was completed before the date of the pretrial conference.

    **2. Documents and Exhibits.**

        **a. Document and Exhibit Exchange.**  All documents and exhibits have been identified in the Joint Pretrial Order and have been exchanged by the parties.

        **b. Pre-marking of Exhibits; Exhibit Lists.**  Each party shall provide the Clerk of Court with an exhibit list no later than the commencement of trial.

        **c. Objections to Exhibits.**  By separate order, the Court will resolve all objections to exhibits and documents.

        **d. Itemized List of Damages**.  A list of damages has been provided in the Joint Pretrial Order.

    **3.    Witnesses.**

      **a. Identification of Witnesses.**  Pursuant to the Joint Pretrial Order, witness identification has been completed.

      The parties shall contact all witnesses to ensure that they will be available to testify at trial.  The parties shall inform opposing counsel immediately upon learning that any witness will be unavailable.

      **b. Expert Witnesses.**

          **i. Qualifications.**   Pursuant to the Joint Pretrial Order, experts' qualifications have  been provided to the Court.  By separate order, the Court will resolve all objections regarding expert witnesses.

          **ii. Undeposed Experts.**  The parties are agreed that no undeposed experts will be called at trial.

      **c. Deposition Testimony.**   All deposition testimony has been identified by the parties in the Joint Pretrial Order.

**4. Voir Dire Requests**.  Voir dire requests have been submitted with the Joint Pretrial Order.

**5. Jury Charges.**  On or before **August 1, 2005**, the parties shall file with the Court a **jointly prepared jury charge covering the <u>substantive issues</u> in the case (*i.e.*, the law governing all claims, defenses, and damages)**. The parties need not include general introductory or concluding charges.  However, any anticipated special charges must be included in the submission.  With respect to any charges on which the parties are unable, in good faith, to agree, those charges may be submitted separately by the parties.  Each requested charge, whether jointly or separately proposed, should be placed on a separate page.  Authority shall be cited for each charge.  **In addition, the jury charges must be sent by e-mail to: efile_steele@alsd.uscourts.gov, as an attachment in a WordPerfect format.[1] The message subject line should include the case number, followed by a short description of the attachment.  The name of the attachment is to be the case number followed by .wpd.  For example, 04-0444-WS-B.wpd.**

**6. Motions in Limine.**  All motions in limine shall be filed on or before **May 31, 2005; Response due on or before June 14, 2005.**

---

    [1]    **This e-mail address is not to be utilized to communicate with the Court unless otherwise permitted or when communications are solicited by the Court.**

**Settlement**.  The parties should attempt to settle this action if at all possible.  If any party believes that the Court can be of assistance during settlement negotiations, that party should contact the Court to arrange for a conference.  In the event of a complete or partial settlement, the Court must be notified as soon as possible.

E. **Trial**

**1. Motions for Judgment as a Matter of Law.**  Any party who expects to move for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50 either at the conclusion of the plaintiff's case or at the conclusion of all of the evidence, shall file a written motion at the appropriate time, setting forth with specificity the grounds upon which the motion is based.

**2. Provision of Copies of Exhibits and/or Bench Books to the Court**.  Counsel for each party shall present the Court with a copy of each exhibit that counsel anticipates offering at trial no later than at the time the first exhibit is referenced.  Any party who furnishes a bench book to the Court shall allow all opposing parties to review the bench book before it is delivered to the Court.

**3. Introduction of Expert Witnesses at Trial.**  Each counsel, upon placing an expert witness in the witness box for examination, shall read into the record the expert's qualifications, and then inquire of the witness if such statements are correct.  If correct, the next question will be relative to the merits of the case.

**4. Admission of Exhibits at Trial.**  No exhibit that is not formally offered for admission and admitted at trial will be allowed to be considered by the jury.  Thus, the mere stipulation by counsel as to the admissibility of particular exhibits will be of no effect unless and until those exhibits are offered for admission and admitted by the Court.

**5. Rules of Conduct.**

  **a. Addressing the Court and Interrogating Witnesses.**  The Court will follow the custom requiring that counsel stand at all times when addressing the Court or a witness, otherwise counsel will remain seated at counsel table.  Counsel shall use the lectern when interrogating witnesses and may approach the witness stand without leave of Court for the purpose of interrogating the witness relative to an exhibit.

  **b. Side Bar Conferences.**  Any time counsel requests leave to approach the bench for a side bar conference with the Court, opposing counsel must be invited to participate. All such conferences shall be recorded unless the Court otherwise indicates.

      **c. The "Rule."**  When the "Rule" has been invoked, counsel shall ensure that the following instructions are strictly followed:  Witnesses shall not discuss the case or their testimony with anyone except counsel, and then only on an individual basis and while not in the presence of other witnesses.  No one, including counsel, shall discuss with a witness who has not testified another witness's testimony.

      **d. Conferring With a Witness During Breaks**.  Counsel shall not discuss the merits of the case or the testimony of a witness with that witness during breaks or interruptions in the witness's testimony.

      **e. Seating Inside the Rail**.  No one will be allowed inside the rail except the attorneys and their clients, unless permission is obtained from the Court prior to the commencement of trial.

**6. Visual Aids**.   Counsel shall make all necessary arrangements for the acquisition and installation of visual aids (easels, boards, screens, projectors, electronic equipment, etc.) prior to the commencement of trial.

**DONE** and **ORDERED** this 4th day of May, 2005.

                                          s/WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE